**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TAMARA R. STRANG,**

    **Plaintiff,**

vs.                                             **Case No. 8:04-cv-1437-T-MSS**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for disability and supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.**     **Background**

    **A.**     **Procedural History**

Plaintiff protectively filed an application for disability and supplemental security

income on June 4, 2001, alleging an onset of disability on August 31, 2000, due to back problems and depression. (T. 59-61). Her application was denied initially and upon reconsideration. Plaintiff requested a hearing, which was held on September 25, 2002, before Administrative Law Judge Richard E. Ouellette (hereinafter referred to as the "ALJ"). (T. 371-97). During the ALJ hearing, J. Edwards testified as a vocational expert ("VE"). In a decision dated January 29, 2003, the ALJ denied Plaintiff's claims for benefits. (T. 16-26). The Appeals Council denied review of the decision on May 21, 2004. (T. 5-7). This action for judicial review ensued.

### B.    Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, Plaintiff complained of a history of back problems and depression. (T. 19).

At the ALJ hearing, the Plaintiff presented the ALJ with medical records from Plaintiff's treating and examining physicians. After considering the evidence, the ALJ found that although Plaintiff suffered from severe impairments, she did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (T. 25, Findings no. 3 and 4).

The ALJ found the Plaintiff's allegations not to be totally credible (T. 25, Finding no. 5). The ALJ determined Plaintiff had the residual functional capacity ("RFC") for light work to sedentary work with a sit-stand option, with occasional limitation for bending, stooping, crawling, crouching, climbing or kneeling, with occasional limitations for coping with work stress and concentrating on tasks but capable of performing simple, routine and repetitive tasks in a clean, temperature

controlled environment. (T. 25, Finding no. 7). The ALJ therefore concluded Plaintiff was not disabled under the Act.

Plaintiff contends that the decision of the ALJ must be reversed and remanded for further hearing for the following reasons: (1) the ALJ erred in failing to give the appropriate deference to Plaintiff's treating physicians; (2) the ALJ improperly applied the pain standard and failed to consider Plaintiff's impairments in combination; and, (3) the ALJ failed to pose a comprehensive hypothetical to the vocational expert.

Having reviewed the record and having considered each point of error alleged, for the reasons that follow the Court finds that Plaintiff's contentions are without merit and that the decision of the Commissioner should be **AFFIRMED**.

## II.     Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*. See Davis v.

Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. McDaniel v. Bowen, 800 F.2d 1026, 1029-30 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585 (11th Cir. 1987).

**III.  Discussion**

   **A.  WHETHER THE ALJ ERRED IN FAILING TO GIVE THE APPROPRIATE DEFERENCE TO PLAINTIFF'S TREATING PHYSICIANS**

Plaintiff first contends that the ALJ erred in failing to give proper consideration to the opinions of her treating physicians. In reciting her history of medical treatment, Plaintiff cites to the opinions of Drs. Dennis M. Lox, Karl Jones, Shyam Swain and Rajesh Dave, as well as her treatment generally at Comprehensive Pain Management & Florida Spine Institute. In the context of her argument, Plaintiff fails to explain which of the opinions she contends the ALJ rejected. The Commissioner responds that the ALJ in fact credited the opinion of Plaintiff's treating physicians and that nothing in the written decision suggests that he rejected either opinion. The Commissioner further points out that neither of Plaintiff's treating sources concluded that Plaintiff's impairments were so significant as to require that she be placed on work inhibiting restrictions. The Commissioner is correct.

With respect to the only instances in which Plaintiff alleges a physician placed

her on work related restriction, Plaintiff's recitation to the record is incomplete and misleading. Specifically, Plaintiff contends that Dr. Lox, her long time treating doctor for her orthopaedic impairments, assessed her as "unable to work." (Pl. Br. at 3, citing to T. 250). In fact, a comprehensive review of the record in that time frame belies that contention. On September 6, 2000, Dr. Lox checked a medical release form placing Plaintiff on TTD ("temporary total disability"), "unable to work." (T. 250). His written notations at the same visit reveal that the limitation imposed was for "one week" until an MRI could be obtained. (T. 251). The TTD status was again repeated on September 21, 2000; on that occasion it was extended to allow time to "set [Plaintiff] up for facet block" and to obtain an MRI report. (T. 249). By February 2001, however, far less than the twelve months required for a finding of disability under the Act, Dr. Lox concluded that 1) Plaintiff had "long since reached the point of maximum medical improvement" that he expected she would reach, 2) that she was only 7% impaired due to lumbar disc herniation, and 3) that she had only 3% impairment for thoracic myofascial pain. (T. 131). On examination, Dr. Lox found that Plaintiff had "full thoracic and lumbar range. She had some diffuse trigger points." (T. 131). Ultimately, Dr. Lox concluded that Plaintiff could "continue working in a light duty capacity." (T. 131). The ALJ did not reject Dr. Lox's assessment. (T. 22-23).

Plaintiff also incorrectly recounts the opinion of Dr. George Giannakapoulous, contending that he "concluded that 'anything she does increases the pain . . . she cannot sit for too long. The pain is made worse by bending, coughing, any general

5

activities including standing or walking.'" (Pl. Br. at 3, citing to T. 149).  Dr. Giannakapoulous rendered no such opinion.  Plaintiff's cited reference is to Plaintiff's subjective complaints, not to Dr. Giannakapoulous' medical assessment.

Dr. Giannakapoulous' findings are quite to the contrary.  As the Commissioner correctly notes, Dr. Giannakapoulous stated in his medical opinion, "I feel that this patient's symptomatology is tremendously out of proportion to her physical findings.  I think the major issue . . . is secondary gain with regards to her ongoing claims with workman's compensation." (Comm. Br. at 3, citing to T. 151).  The Commissioner also notes that Dr. Giannakapoulous thought treatments "such as facet blocks and trigger point injections were 'useless' because of the 'ongoing process of secondary gain'" and that Plaintiff "warranted a zero percent disability rating." (Id.).

Plaintiff recites generally her other physical diagnoses and her treatment history but refers to no other alleged recommendations or limitations imposed by treating physicians that would reduce her capacity for gainful employment.  Dr. Swain, a pain specialist who examined Plaintiff in June of 2002, found only mild thoracic midline tenderness and some lumbar tenderness but no limping and no limitation in range of motion. (T. 148).  Dr. Ashraf Hanna, another pain specialist, found in January 2002, that Plaintiff was able to "stand and walk on her toes as well as heels without weakness;" that she had negative straight leg raising test results sitting and lying down; that she had only mild cervical tenderness; and, that she was neurologically intact.  (T. 356).

Plaintiff also noted her psychological diagnosis but, again, offered no record

of disability limitations imposed by a medical source that was rejected by the ALJ.

In fact, Plaintiff's treating and examining doctors all found that Plaintiff's physiological diagnoses posed only mild to moderate symptomology. (T. 144, 338-340, 343). Furthermore, Plaintiff responded well to medications, reporting no side effects. (T. 378-40). Again, the ALJ accepted these findings and incorporated them into his findings. (T. 25).

    **B.**    **WHETHER THE ALJ IMPROPERLY APPLIED THE PAIN STANDARD AND FAILED TO CONSIDER PLAINTIFF'S IMPAIRMENTS IN COMBINATION**

Plaintiff next asserts generally that the ALJ failed to credit her subjective complaints of pain and symptomology and improperly engaged in "sit and squirm" jurisprudence in discrediting Plaintiff.

The standard for evaluating subjective evidence of pain in disability cases requires the ALJ to credit a claimant's subjective pain testimony if there is (a) evidence of an underlying medical condition <u>and</u> (b) either (1) objective medical evidence to confirm the severity of the alleged pain <u>or</u> (2) that the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. <u>Mason v. Bowen</u>, 791 F.2d 1460, 1462 (11th Cir. 1986)(emphasis added). This standard also applies to other subjective complaints. <u>Holt v. Sullivan</u>, 921 F.2d 1221 (11th Cir. 1991).

Under the alternate prong of the pain standard, subjective pain testimony which is supported by clinical evidence of a condition that can reasonably be expected to produce the symptoms of which Plaintiff complains is itself sufficient to

sustain a finding of disability. This prong requires the ALJ to evaluate the credibility of a claimant's testimony as to pain and to articulate a reasonable basis for rejecting the testimony if it is rejected. Sewell v. Bowen, 792 F.2d 1065, 1068 (11th Cir. 1986). If the ALJ rejects a claimant's testimony regarding complaints of pain, he must articulate "explicit and adequate reasons" for doing so. Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995). Further, the articulated reasons for discrediting a claimant's testimony must be supported by substantial evidence. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Failure to articulate reasons for rejecting a claimant's testimony requires that the testimony be accepted as true as a matter of law. Foote, 67 F.3d at 1562. The same is true if the articulated reasons for discrediting the testimony are not supported by substantial evidence. Hale, 831 F.2d at 1012.

While the ALJ must articulate explicit reasons for rejecting a claimant's testimony, he need not make an explicit finding regarding the claimant's credibility as long as the implication is obvious to the reviewing court. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). To be valid, an ALJ's "credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole." Id.

In reviewing the ALJ's decision, the Court must first determine as a matter of law whether the ALJ applied the correct legal standard in evaluating Plaintiff's complaints of pain and other subjective symptoms. See Bridges v. Bowen, 815 F.2d

8

622, 624 (11th Cir. 1987). If the Court finds that the ALJ applied the correct legal standard, the Court must determine whether the ALJ's finding that a claimant does not meet the Mason pain standard is supported by substantial evidence. See id. The Court may not disturb the ALJ's credibility finding if it is clearly articulated and supported by substantial evidence. See Foote, 67 F.3d at 1562.

Sit and squirm jurisprudence is a determination by an ALJ of a plaintiff's credibility based primarily or solely upon the plaintiff's demeanor, behavior or appearance at the ALJ hearing. As Plaintiff correctly points out, the ALJ is not permitted to engage in this practice as the means to discredit Plaintiff's subjective complaints. Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982)

Plaintiff is correct that the ALJ rejected her complaints that she suffered from chronic back pain secondary to lumbar disc herniation and spinal stenosis, fibromyalgia and depression to the extent alleged. As required, the ALJ articulated his reasons for doing so. Specifically, he stated "[o]bjective evidence does not support her contended severity of impairments and degree of limitations. Furthermore, medical assessments from treating sources are largely critical of claimant's complaints and equally suggest secondary gain." (T. 23).

The medical record provides substantial support for these findings. As noted above, all of the pain specialists who examined Plaintiff found that her results on examination did not match the level of her complaints. See the findings of Drs. Swain, Ex. 3F (T. 146-48) and Hanna, Ex. 13F (T. 355-57).

Also as noted, Dr. Giannakapoulous expressly found Plaintiff's purported

9

symptomology to be "tremendously out of proportion to physical findings" and that she was likely motivated by her effort to obtain workman's compensation. (T. 151).

While the ALJ did engage in sit and squirm jurisprudence, noting Plaintiff's demeanor and composure at the ALJ hearing, he did not rely primarily or solely on those observations. As such, his doing so is harmless error and does not undermine the ALJ's credibility findings in this case.

Plaintiff next suggests that the ALJ did not consider her limitations in combination. This assertion is also to no avail.

By Eleventh Circuit standards, once the ALJ concludes which impairments, if any, a plaintiff has which are deemed severe,

> the ALJ must consider the impairments in combination and determine whether their combined effect renders the claimant disabled. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1533 (11th Cir. 1991)(citing Hudson v. Heckler, 755 F.2d 781, 785 (11th Cir. 1985)(citation omitted)). However, the ALJ meets this standard by specifically finding "the claimant not to suffer any impairment, or combination of impairments" sufficiently severe to prevent participation in substantial gainful activity. Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986).

Holley v. Chater, 931 F. Supp. 840, 850 (S.D. Fla. 1996).

Consistent with these requirements, the ALJ considered all of Plaintiff's impairments and discussed each of them. (T. 20-23). The ALJ noted the obligation to consider whether Plaintiff had "a medically determinable impairment or combination of impairments" that was or were severe. (T. 21, 25).

Having properly addressed Plaintiff's complaints, the ALJ concluded that Plaintiff suffered from the following severe impairments: chronic back pain secondary

10

to lumbar disc herniation and spinal stenosis, fibromyalgia and depression. As required by the Eleventh Circuit, the ALJ considered those impairments and their affect on Plaintiff's ability to work. (T. 20-23). He expressly opined that Plaintiff "has an impairment or a combination of impairments considered "severe" based on the requirements in the Regulations, 20 C.F.R. § 416.920(b). (T. 25). Ultimately, he concluded that the impairments do not preclude Plaintiff from performing the requirements of light to sedentary work (with accompanying limitations) and, therefore, do not render her disabled under the Act. As such, the ALJ met the Eleventh Circuit requirement for considering a plaintiff's complaints singularly and in combination.

    **C.**    **WHETHER THE ALJ FAILED TO PROVIDE A COMPREHENSIVE HYPOTHETICAL TO THE VOCATIONAL EXPERT**

Finally, Plaintiff contends that the ALJ failed to provide a comprehensive hypothetical to the VE. In this regard, Plaintiff is correct that the ALJ must pose a hypothetical question to the VE that comprehensively describes the claimant's impairment. (Pl. Br. at 8, citing Pendley v. Heckler, 767 F.2d 1561, 1563 (11 th Cir. 1985)). In this case however, the ALJ provided a comprehensive hypothetical to the VE. It encompassed all of Plaintiff's physical and mental impairments as accepted by the ALJ. (T. 394). Notably, Plaintiff does not suggest which limitations she contends the ALJ failed to include in the hypothetical. Upon completion of the hypothetical, the VE identified well over 2 million jobs a person with Plaintiff's RFC could perform, which were available in the national economy. (T. 394-95). On this

11

basis the ALJ found that Plaintiff would not be considered disabled under the Act and that finding is supported by substantial evidence and consistent with law in every respect.

IV.   **CONCLUSION**

For the reasons cited above, the Undersigned **AFFIRMS** the decision of the Commissioner. The Court **ENTERS** judgment in favor of the Defendant and **DIRECTS** the Clerk to enter judgment pursuant to Rule 58 and **CLOSE** the case.

**DONE and ORDERED** in Tampa, Florida on this 23rd day of September 2005.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record